## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

*Kevin S. Smith*

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Steven Knecht
Vonderheide & Knecht, P.C.
Lafayette, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Kelly A. Miklos
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Manuel Guzman,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

July 24, 2015

Court of Appeals Case No.
79A02-1409-CR-667

Appeal from the Tippecanoe
Superior Court

The Honorable Thomas H. Busch,
Judge

Cause No. 79D02-1305-FA-6

**Bailey, Judge.**

# Case Summary

[1] After the trial court accepted a plea agreement, Manuel Guzman ("Guzman") was convicted of a single count of Dealing in Methamphetamine, as a Class A

felony,[1] and was sentenced to twenty years imprisonment, with four years to be served in Community Corrections and five years suspended to probation. Guzman now appeals, challenging as inappropriate the trial court's sentencing order with respect to the duration of the executed portion of his sentence.

We affirm.

# Facts and Procedural History

We take our facts from the single charge to which Guzman entered a guilty plea.

On May 3, 2013, Guzman knowingly manufactured methamphetamine while in, on, or within one thousand feet of two family housing complexes or an elementary school. **(App'x at 36.)**

On May 8, 2013, Guzman was charged with Conspiracy to Manufacture Methamphetamine, as a Class A felony;[2] Dealing in Methamphetamine, as a Class A felony; Possession of Methamphetamine, as a Class B felony;[3] Possession of Chemical Agents or Precursors with Intent to Manufacture, as a

---

[1] Ind. Code § 35-48-4-1.1. Our General Assembly enacted wide-reaching revisions of Indiana's criminal statutes, which took effect after the date of Guzman's offense. We refer to those statutory provisions in effect at the time of Guzman's proceedings before the trial court.

[2] I.C. §§ 35-41-5-2 & 35-48-4.1-1.

[3] I.C. § 35-48-4-6.1.

Class C felony;[4] two counts of Possession of a Schedule IV Controlled Substance, as Class C felonies;[5] Possession of Paraphernalia, as a Class A misdemeanor;[6] and Operating a Vehicle while Suspended, as a Class A misdemeanor.[7] Guzman was also alleged to be a Habitual Substance Offender.[8]

[6] On January 16, 2014, the State moved to amend the charging information as to the counts for Conspiracy to Manufacture Methamphetamine, Dealing in Methamphetamine, and Possession of Chemical Agents or Precursors with Intent to Manufacture. The trial court granted the motion.

[7] On March 21, 2014, Guzman and the State entered into a plea agreement, whereby Guzman agreed to enter a plea of guilty as to Dealing in Methamphetamine, as a Class A felony, as charged. In exchange for the guilty plea, the State agreed to dismiss the remaining charges. Sentencing was left to the trial court's discretion. The trial court accepted the agreement.

[8] During the course of the proceedings, one of Guzman's court-appointed attorneys was forced to withdraw from the representation due to a conflict of interest in the case. Guzman raised concerns with the performance of his

---

[4] I.C. § 35-48-4-14.5.

[5] I.C. § 35-48-4-7.

[6] I.C. § 35-48-4-8.3.

[7] I.C. § 9-24-19-2.

[8] I.C. § 35-50-2-10.

subsequent appointed counsel. These factors resulted in a delay of Guzman's sentencing hearing until August 20, 2014.

[9] During the sentencing hearing, the trial court denied a motion from Guzman's second court-appointed counsel to withdraw from the representation. After reviewing the presentencing report and hearing argument from the parties, the trial court sentenced Guzman to twenty years imprisonment, with eleven years to be executed in the Indiana Department of Correction, four years to be served with the Tippecanoe County Community Corrections, and five years suspended to probation.

[10] This appeal ensued.

# Discussion and Decision

[11] In this appeal, Guzman argues that his sentence is inappropriate. The authority granted to this Court by Article 7, § 6 of the Indiana Constitution permitting appellate review and revision of criminal sentences is implemented through Appellate Rule 7(B), which provides: "The Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Under this rule, and as interpreted by case law, appellate courts may revise sentences after due consideration of the trial court's decision, if the sentence is found to be inappropriate in light of the nature of the offense and the character of the offender. *Cardwell v. State*, 895

N.E.2d 1219, 1222-25 (Ind. 2008); *Serino v. State*, 798 N.E.2d 852, 856-57 (Ind. 2003). The principal role of such review is to attempt to leaven the outliers. *Cardwell*, 895 N.E.2d at 1225.

[12] Here, Guzman was convicted of Dealing in Methamphetamine, as a Class A felony. Accordingly, Guzman faced a sentencing range running from twenty to fifty years of imprisonment, with an advisory term of thirty years. I.C. § 35-50-2-4. Guzman received the minimum term of twenty years; with five years of the sentence suspended to probation, eleven years of the sentence were to be served in the Indiana Department of Correction, and four years were to be served with Tippecanoe County Community Corrections.

[13] Turning first to Guzman's argument concerning the nature of his offense, we have little evidence other than the facts as alleged in the charging information and factual statements drawn from the affidavit of probable cause. Nevertheless, we observe that the gravamen of Guzman's argument as to this factor in Appellate Rule 7(B) is that Guzman received a more severe term of executed time than his co-defendant, who was convicted of Class C and D felonies and who allegedly taught Guzman how to make methamphetamine. Guzman is correct that sentencing of a co-defendant may be considered in reviewing the inappropriateness *vel non* of a defendant's sentence. However, based upon the category of offense to which Guzman pled guilty, Guzman received the lowest possible difference between the length of his sentence and that of his co-defendant. We think, then, that the nature of Guzman's offense

and his comparative culpability do not support a conclusion that his sentence was inappropriate.

[14] We now turn to Guzman's character. As he notes, Guzman has led a very difficult life, with a very abusive childhood environment, few educational opportunities, ongoing medical issues, childhood exposure to substance abuse, and even compelled substance abuse while he was a child. Guzman also has a history of mental health diagnoses that may have been incorrect, and has taken steps to address his educational situation by obtaining a GED as an adult. The trial court took all of this into account in sentencing Guzman to a minimum sentence, and granted him probation and community corrections placement for nearly half of that.

[15] Yet Guzman also has a long history of criminal convictions resulting from a history of substance abuse, and has not taken advantage of numerous opportunities for rehabilitation. Guzman also has a prior conviction for Domestic Battery, and was facing criminal charges in two other cases at the time of his guilty plea hearing. While Guzman entered a guilty plea in this case, we observe that he derived substantial benefit in doing so, by avoiding the possibility of conviction and sentencing for numerous additional charges.

[16] In light of the foregoing, we cannot conclude that a minimum sentence, with substantial portions of that sentence ordered to be spent in a community corrections program or suspended to probation—the award of which leniency is

a matter of grace on the part of the trial court, *Cox v. State*, 706 N.E.2d 547, 549 (Ind. 1999)—was inappropriate.

[17]    Affirmed.

Riley, J., and Barnes, J., concur.